UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| Jeremy Greer,  Plaintiff, | CASE NO.: 2:25-cv-06884-DCN-MHC |
|---|---|
| v. | **COMPLAINT**  **(Jury Trial Requested)** |
| HITT Contracting, Inc.,  Defendant. | |

The Plaintiff, complaining of the Defendant, would show unto this Honorable Court as follows:

### **JURISDICTION AND VENUE**

   1.  This Complaint arises out of violations of the Family and Medical Leave Act, 29 U.S.C. §2601, *et. seq.* (hereinafter "FMLA").

   2.  The Plaintiff, Jeremy Greer, is a citizen of the State of South Carolina, and resides in Berkeley County, South Carolina.

   3.  The Defendant, HITT Contracting, Inc., upon information and belief, is a foreign corporation organized in the State of Virginia and operating under the laws of the State of South Carolina.

   4.  The Defendant is an industry that affects commerce within the meaning of the FMLA.

   5.  The Defendant is a "person" within the meaning of the FMLA.

   6.  The Defendant employs fifty (50) or more employees and is an "employer" within the meaning of the FMLA.

   7.  All employment practices alleged herein were committed within the State of South Carolina.

   8.  The Defendant operates a business in this judicial district and all of the events or omissions giving rise to the claims hereunder occurred in this judicial district.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. §1391.

   9.  This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

   10. Therefore, the parties, subject matter and all things hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

11. In or around March 2015, the Plaintiff began working for Defendant as a Site Superintendent.  At all times during his employment, the Plaintiff was efficient and effective in his work.

12. During his employment, the Plaintiff suffered from a serious personal medical issue which constitutes a serious health condition as defined by the FMLA.

13. Prior to March 29, 2024, Plaintiff requested FMLA and to be placed into an inpatient rehab facility similar to some of his competitors at Defendant's company.

14. On or about March 29, 2024, the Plaintiff was in a motor vehicle accident in his personal vehicle after drinking in a bar.  The Plaintiff did not miss any work, but did ask the Defendant again for help being placed into a program for alcohol.

15. On or about April 8, 2024, after several attempts through his employer were ignored, the Plaintiff's was put on administrative leave by the Defendant.

16. On or about April 16, 2024, the Plaintiff entered himself into a detox program, he notified Defendant of the same, and that he would need to take FMLA leave while he was in the facility. Later that day, the Plaintiff was notified that his employment was terminated.

17. The Plaintiff's termination was in direct interference with the rights afforded to him under the FMLA and in retaliation for seeking leave to which he was entitled.

## FOR A FIRST CAUSE OF ACTION
## Violation of the Family and Medical Leave Act – Interference

18. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

19. As alleged above, Plaintiff satisfactorily performed his essential and fundamental job functions and was an exemplary employee in all respects.  Upon his request, he was entitled to take leave pursuant to the Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.).

20. Defendant's discipline against Plaintiff and discharge of his employment as a result of his having taken such leave is a violation of his rights under said statute(s).

21. By promptly terminating the Plaintiff, the Defendant failed to provide adequate medical leave as required by the FMLA and thus interfered with his attempt to secure and utilize such leave.

22. The Defendant's actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

23. Accordingly, the Plaintiff is informed and believes that due to the acts of the Defendant, he is entitled to injunctive relief and civil damages, including lost wages to be doubled and benefits together with interest thereon, front pay and liquidated damages, as well as reasonable attorney's fees and costs for the bringing of this action.

## FOR A SECOND CAUSE OF ACTION
## Violation of the Family and Medical Leave Act – Retaliation

24. The Plaintiff reiterates each and every allegation above as if fully repeated herein.

25. The Defendant's discipline against Plaintiff and discharge of his employment as a result of his having taken such leave is a violation of his rights under said statute.

26. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory discharge; was, in fact, retaliatory in nature; and was in violation of Family and Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.).

27. The Defendant's actions were done willfully, maliciously, wantonly and recklessly in an intentional action designed to damage the Plaintiff.

28. Accordingly, the Plaintiff is informed and believes that due to the acts of the Defendant, he is entitled to injunctive relief and civil damages, including lost wages to be doubled and benefits together with interest thereon, front pay and liquidated damages, as well as reasonable attorney's fees and costs for the bringing of this action.

## RELIEF REQUESTED

Plaintiff requests a judgment by this Court against Defendant as follows:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of action;

2. Judgment in favor of the Plaintiff and against Defendant for back pay to be doubled he would have earned (with related monetary benefits and interest thereon) had he been kept in his proper employment;

3. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for liquidated or punitive damages in an amount to be determined at the trial of this matter;

5. An award to the Plaintiff for reinstatement to his former position; and

6. For such other and further relief as this Court deems just, proper and allowable by statute, case law or otherwise.

**WIGGER LAW FIRM, INC.**

*s/Matthew O. King*
Matthew O. King (Fed. I.D. #13793)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
(843) 553-9800

North Charleston, South Carolina
July 8, 2025.